to an adjustment of FMV." *NTN Bearing Corp. of America v. United States,* 14 CIT 623, 637, 747 F. Supp. 726, 738–39 (1990); *Consumer Prods. Div.,* 753 F.2d at 1033; *The Timken Co. v. United States,* 11 CIT 786, 800, 673 F. Supp. 495, 509 (1987). In *NTN Bearing Corp. of America,* 14 CIT 623, 747 F. Supp. 726, the court refused to recognize Commerce's argument that direct selling expenses should be deducted from the exporter's sales price and remanded the case to Commerce to recalculate dumping margins to reflect an adjustment to foreign market value for direct selling expenses.

The law is clear as to how Commerce is to deal with direct selling expenses, yet Commerce repeatedly ignores the law and disobeys the decisions of this Court. A remand in this case would be futile since it would affect only deposit rates which have been superseded by the second administrative review. Commerce, however, is cautioned that they are to adhere to the law and to the decisions of the court on this issue. If not, this Court will be compelled to order sanctions against the government and hold Commerce in contempt of court for repeatedly ignoring the well-established law on this issue.

### CONCLUSION

In accordance with the foregoing opinion, plaintiffs' motion for partial judgment on the agency record is not moot since the issue at hand is capable of repetition and has been evading review. Furthermore, Commerce was in error in deducting direct selling expenses from U.S. price, and it should have added such expenses to foreign market value as the law clearly states. Nevertheless, a remand to Commerce for recalculation would serve no purpose since it would affect only deposit rates and the deposit rates have been superseded by the second administrative review.

NTN BEARING CORP. OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORP., AND NTN CORP., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO. AND FEDERAL-MOGUL CORP., DEFENDANT-INTERVENORS

Court No. 91–08–00577

(Dated April 13, 1993)

*Barnes, Richardson & Colburn* (*Robert E. Burke, Donald J. Unger, Kazumune V. Kano* and *Diane A. MacDonald*) for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*); of counsel: *Stephen J. Claeys,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Geert De Prest, John M. Breen* and *Margaret E.O. Edozien*) for defendant-intervenor The Torrington Company.

*Frederick L. Ikenson, P.C.* (*Frederick L. Ikenson, J. Eric Nissley, Larry Hampel* and *Joseph A. Perna, V*) for defendant-intervenor Federal-Mogul Corporation.

## OPINION

TSOUCALAS, *Judge:* Plaintiffs, NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corp., and NTN Corporation ("NTN"), move pursuant to Rule 56.1 of the Rules of this Court for partial judgment on the agency record as to Count VIII of their complaint claiming that the Department of Commerce, International Trade Administration ("ITA" or "Commerce"), erred in deducting direct selling expenses from U.S. price rather than adding such expenses to foreign market value.

The administrative determination under review is the ITA's final results in *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews* ("*Final Results*"), 56 Fed. Reg. 31,754 (1991). Substantive issues raised by NTN in the underlying administrative proceeding were addressed by ITA in the Issues Appendix to *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Republic of Germany; Final Results of Antidumping Duty Administrative Review* ("*Issues Appendix*"), 56 Fed. Reg. 31,692 (1991).

## BACKGROUND

On June 11, 1990, the ITA initiated an administrative review of ball bearings, cylindrical roller bearings, spherical plain bearings and parts thereof from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom Initiation of Antidumping Administrative Reviews,* 55 Fed. Reg. 23,575 (1990). NTN participated in this review. *Id.*

On March 15, 1991, the ITA published its preliminary determination in the administrative review. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts thereof from Japan; Preliminary Results of Antidumping Duty Administrative Reviews and Partial Termination of Antidumping Duty Administrative Reviews,* 56 Fed. Reg. 11,186 (1991).

On July 11, 1991, the ITA published its Final Results in this proceeding. *Final Results,* 56 Fed. Reg. at 31,754. In its final results, Commerce deducted direct selling expenses from U.S. price in exporter's sales price

transactions. *Issues Appendix* at 31,722–23. NTN claims that this was not in accordance with law. Commerce claims that this issue should be dismissed as moot since the issue at hand affects deposit rates established during the first administrative review, which have been superseded by the second administrative review. *Defendant's Memorandum in Opposition to Plaintiffs' Partial Motion for Judgment Upon the Agency Record* at 2–6.

## DISCUSSION

It is well-established that an "actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." *See Roe v. Wade,* 410 U.S. 113, 125 (1973); *see also SEC v. Medical Comm. for Human Rights,* 404 U.S. 403, 407 (1972). The Court adheres to its decision in *NSK Ltd. and NSK Corporation v. United States,* 17 CIT 251, Slip Op. 93–50 (April 2, 1993), and holds that plaintiffs' motion for partial judgment on the agency record is not moot since the issue at hand is capable of repetition and has been evading review. Furthermore, Commerce was in error in deducting direct selling expenses from U.S. price. It should have added such expenses to foreign market value as the law clearly states. *Id.* at 5–7. Nevertheless, a remand to Commerce for recalculation would serve no purpose since it would affect only deposit rates and the deposit rates have been superseded by the second administrative review. *Id.* Commerce "is cautioned that they are to adhere to the law and to the decisions of the Court on this issue. If not, this Court will be compelled to order sanctions against the government and hold Commerce in contempt of court for repeatedly ignoring the well-established law." *Id.* at 6–7.